**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| REGINALD RUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.   17 cv 7876 |
| | ) | |
| v. | ) | JUDGE PACOLD |
| | ) | |
| CHICAGO POLICE OFFICER DANIEL | ) | MAG. JUDGE COX |
| KALLMAN,   STAR #14346; CHICAGO POLICE | ) | |
| OFFICER MARTIN HERNANDEZ, STAR #6529; | ) | |
| ESTATE OF DARRICK JOHNSON; THE CITY | ) | |
| OF CHICAGO, a Municipal Corporation, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT AT LAW**

NOW COMES, the PLAINTIFF, REGINALD RUCKER, by and through his attorney, JEFFREY J. NESLUND, LAW OFFICE OF JEFFREY J. NESLUND and in complaining of the DEFENDANTS, CHICAGO POLICE OFFICERS DANIEL KALLMAN, STAR #14346, MARTIN HERNANDEZ, STAR #6529, ESTATE OF DETECTIVE DARRICK JOHNSON, STAR #20717 and THE CITY OF CHICAGO, a Municipal Corporation, states as follows:

**INTRODUCTION**

1.     This is an action for civil damages brought under Illinois State law and 42 U.S.C. Sec. 1983 for the deprivation of PLAINTIFF's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2.     Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3.     PLAINTIFF, REGINALD RUCKER, is an individual who at all times relevant hereto was present in the Northern District of Illinois.

4.      DEFENDANTS, CHICAGO POLICE OFFICERS DANIEL KALLMAN, STAR #14346, MARTIN HERNANDEZ, STAR #6529, and DETECTIVE DARRICK JOHNSON, STAR #20717, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

5.      On July 24, 2019 Defendant Darrick Johnson passed away.  The Estate of Darrick Johnson was substituted in as the defendant in this cause by previous order of this Court for decedent, Darrick Johnson.[1]

6.      The DEFENDANT, City of Chicago (hereinafter "CITY"), at all relevant times, was an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located entirely within this Judicial District.

## FACTUAL SUMMARY

7.      On November 5, 2015, DEFENDANT OFFICERS KALLMAN and HERNANDEZ initiated a traffic stop of the Plaintiff, REGINALD RUCKER, in the vicinity of 2808 W. Wilcox Street in Chicago, Illinois.

8.      DEFENDANT OFFICERS KALLMAN and HERNANDEZ stopped the vehicle Plaintiff's was driving despite the fact there was no probable cause to believe he had committed any crimes or committed any traffic violations.

9.      DEFENDANT OFFICERS KALLMAN and HERNANDEZ forcibly removed the Plaintiff from the vehicle he was driving and placed him in handcuffs.  DEFENDANT OFFICERS KALLMAN and HERNANDEZ conducted an illegal search of the vehicle driven by the Plaintiff including containers and bags within the vehicle.

10.     the DEFENDANT OFFICERS were on the scene with the Plaintiff for over seventy (70) minutes.  DEFENDANTS' encounter with Plaintiff was recorded by the in-car dash

---

[1] See Dckt #69.

cam system of the Chicago police vehicle operated by DEFENDANT OFFICERS KALLMAN and HERNANDEZ.

11.     The DEFENDANTS conspired to charge the Plaintiff with false criminal offenses, including Unlawful Possession of a Firearm.  In furtherance of this conspiracy, the DEFENDANT OFFICERS failed to preserve the video and audio dash cam recordings of the stop, search and arrest of the Plaintiff authored false sworn police reports and criminal complaints, and made false statements to prosecutors.

12.     In furtherance of a conspiracy to falsely charge Plaintiff with a felony offense and deprive him of his liberty, DEFENDANT DETECTIVE DARRICK JOHNSON and DEFENDANTS KALLMAN and HERNANDEZ fabricated oral confessions allegedly made by the Plaintiff.

13.     But for the misconduct of the DEFENDANT OFFICERS outlined above, the criminal prosecution of the Plaintiff could not and would not have occurred.

14.     As a result of the misconduct of the DEFENDANT OFFICERS outlined above, the Plaintiff was deprived of his liberty and remained incarcerated in the Cook County Department of Corrections until he was found not guilty of all criminal charges on May 1, 2017.

## COUNT I
### Illegal Search

15.     Plaintiff repeats, re-alleges and incorporates by reference the factual allegations above as fully set forth herein.

16.     The DEFENDANT OFFICERS KALLMAN and HERNANDEZ illegally seized and searched the vehicle Plaintiff was driving and containers within the vehicle without justification and without probable cause in violation of the 4th Amendment.

17.     The misconduct described in this Count was undertaken with malice, willfulness,

and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

18.     As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

## COUNT II
## Section 1983 Conspiracy Claims
(All Defendants)

19.     Plaintiff repeats, re-alleges and incorporates by reference the factual allegations above as fully set forth herein.

20.     DEFENDANTS conspired and agreed to unlawfully use the police powers of the DEFENDANT OFFICERS to violate the civil rights of the Plaintiff.

21.     The DEFENDANTS took overt acts in furtherance of their conspiracy by fabricating evidence, including an alleged oral confession by the Plaintiff; authoring false sworn police reports and criminal complaints; failing to preserve dash cam evidence; and making false statements to prosecutors.

22.     This agreement between the DEFENDANTS violated the Plaintiff's constitutional rights and proximately caused injury to the Plaintiff, including, but not limited to prolonged incarceration, emotional pain and suffering, humiliation, embarrassment, and severe emotional distress.

## COUNT III
## Fourth Amendment Claim for Deprivation of Liberty

23.     Plaintiff repeats, re-alleges and incorporates by reference the factual allegations above as fully set forth herein.

24.     As a result of evidence fabricated by the DEFENDANTS, the Plaintiff was deprived of his liberty and was incarcerated in the Cook County Department of Corrections.

25.     But for the misconduct of the DEFENDANTS outlined above, the Plaintiff would

not have suffered a deprivation of his liberty.

26.     The misconduct of DEFENDANTS outlined above proximately caused injury to the Plaintiff, including, but not limited to prolonged incarceration, humiliation, embarrassment, and severe emotional distress.

## COUNT IV
### Spoliation of Evidence

27.     Plaintiff repeats, re-alleges and incorporates by reference the factual allegations above as fully set forth herein.

28.     Defendant HERNANDEZ and KALLMAN had an operable and logged on in-car camera system at the time of Plaintiff's stop, search and arrest on November 5, 2015.

29.     Defendant City of Chicago had in its possession multiple video and audio recordings of the stop, search and detention of Plaintiff and the search of vehicle he was driving from the Defendants' in-car camera system.

30.     On November 5, 2015, Defendant City of Chicago had specific policies in effect to visually record and preserve the entire incident for all enforcement stops, arrests and transports.

31.     The DEFENDANT OFFICERS and DEFENDANT CITY OF CHICAGO had a duty to preserve digital and audio recordings for all felony and misdemeanor arrests per Chicago Police Department In-Car Video System Special Order S03-06.

32.     As part of his alleged investigation, DEFENDANT DETECTIVE JOHNSON asked DEFENDANT HERNANDEZ and DEFENDANT KALLMAN if they had any dash-cam recordings of their encounter with Plaintiff. According to DEFENDANT JOHNSON, DEFENDANT KALLMAN and DEFENDANT HERNANDEZ told him they were driving a "pool car" that did not have a dash-cam system.

33. DEFENDANT KALLMAN and DEFENDANT HERNANDEZ's in-car dash cam system produced three (3) separate video recordings from their encounter with the Plaintiff that were "purged," despite the fact the Plaintiff had been arrested and charged with a felony offense by the DEFENDANT OFFICERS.

34. Defendant City of Chicago employees including, DEFENDANTS KALLMAN, HERNANDEZ and JOHNSON had a duty to preserve dash cam evidence related to the Plaintiff's stop, search, arrest and transport.

35. The video and/or audio recordings were material and relevant to Plaintiff's claims.

36. Defendant City of Chicago and DEFENDANT OFFICERS owed a duty to Plaintiff to preserve this evidence and a duty not to destroy the evidence from the in-car dash cam system.

37. Defendant City of Chicago had a continuous duty not to destroy or purge evidence materials to Plaintiff's claims.

38. Defendant City of Chicago by and through its employees, including DEFENDANT OFFICERS, breached its duty to preserve the video and audio recordings by failing to preserve the same.

39. Because of the nature and extent of the DEFENDANT OFFICERS' misconduct outlined above, it was foreseeable that the three (3) videos from the dash cam system constituted evidence which was material to potential civil litigation.

40. As a direct and proximate result of Defendant City of Chicago's failure to preserve the dash cam evidence from DEFENDANTS KALLMAN and HERNANDEZ'S vehicle, Plaintiff has suffered damages.

## COUNT V
**Malicious Prosecution**
(All Defendants)

41.     Plaintiff repeats, re-alleges and incorporates by reference the factual allegations above as fully set forth herein.

42.     Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

43.     The DEFENDANTS accused the Plaintiff of criminal activity knowing those accusations to be without probable cause, and they fabricated evidence and made false reports, conducted suggestive identification procedures and other statements with the intent of exerting influence to institute and continue judicial proceedings.

44.     The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of the Plaintiff.

45.     As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

## COUNT VI
**Indemnification**

46.     Plaintiff repeats, re-alleges and incorporates by reference the factual allegations above as fully set forth herein.

47.     In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

48.     The Defendant Officers acted within the scope of their employment in committing the misconduct described herein.     Therefore, Defendant City of Chicago is liable as their employer for any resulting damages or award of attorney's fees.

## REQUEST FOR RELIEF

49.     Plaintiff, REGINALD RUCKER, respectfully requests that the Court:

      a.      Enter a judgment in his favor and against all Defendants;

      b.      Award compensatory damages against all Defendants;

      c.      Award attorney's fees against all Defendants;

      d.      Award punitive damages against all Defendants; and

      e.      Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, REGINALD RUCKER, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Jeffrey J. Neslund
JEFFREY J. NESLUND
Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive - Suite 3710
Chicago, Illinois 60606
(312) 223-1100

Robert Robertson
Robertson Duric
One N. LaSalle Street, Suite 300
Chicago, IL 60602
(312) 223-8600